UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
FELIX SANTIAGO,                                :

        Petitioner,                                     :

        -against-                                        :    **REPORT and RECOMMENDATION**

JOHN BEAVER,                                   :    03 Civ. 2738 (RMB)(KNF)

        Respondent.                                  :

------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD M. BERMAN, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Before the Court is Felix Santiago's ("Santiago") *pro se* petition for a writ of habeas corpus, made pursuant to 28 U.S.C. § 2254. Santiago contends that his confinement by New York state is unlawful because the trial evidence was insufficient to support his conviction for criminal possession of a weapon in the second degree.

## II. BACKGROUND

On March 9, 1996, around 10:30 p.m., Gregory Moran ("Moran") attended a party with friends near 197th Street and Valentine Avenue in the Bronx. While at the party, Moran consumed four to five 12-ounce bottles of Heineken, and had three "hits" of marijuana and two "hits" of cocaine. At approximately 4:00 a.m., Moran and his friend, Richie Davito ("Davito"), left the party to get a slice of pizza. Thereafter, at approximately 4:45 a.m., Moran separated from Davito in order to escort a woman whom he knew to her home. As he neared the woman's front door, Moran heard Davito call his name. Moran then walked toward a group of six or eight

men and four women who were engaged in an argument with Davito. Moran told Davito to be quiet and to walk away from the group. At that moment, Moran noticed someone coming toward him; when he turned to see who it was, he found himself staring directly at Santiago, who was standing two to three feet away from Moran, pointing a gun at his temple. The men exchanged words; then Moran reached up and pushed Santiago's hand away and jumped backwards. Santiago also jumped backwards and the gun fired twice, hitting Moran in his leg and foot. As he fell to the ground, Moran saw Santiago drive away in a red BMW and some of the other men in the group drive away in a Jeep Cherokee. Moran was found by two friends who drove him to a hospital.

On March 31, 1996, Santiago was apprehended by police officers while driving a red BMW matching the description provided by Moran. On May 21, 1996, a Bronx County grand jury returned an indictment charging Santiago with attempted murder in the second degree, two counts of assault in the first degree, and criminal possession of a weapon in the second, third, and fourth degree.

At trial, Sergeant Thomas Lenihan of the New York City Police Department testified that he had a conversation with Moran less than a half an hour after the shooting and Moran was conscious, alert and able to give a complete description of his shooter. Additionally, according to Dr. Joseph Bosco, who consulted with Moran about four hours later, just prior to performing surgery on him, Moran displayed no effects of intoxication.

On December 21, 1999, a jury in New York State Supreme Court, Bronx County, convicted Santiago for criminal possession of a weapon in the second degree and he was sentenced to an indeterminate term of imprisonment of from four to eight years.

The New York Supreme Court, Appellate Division, First Department, unanimously affirmed Santiago's conviction. See People v. Santiago, 295 A.D.2d 119, 742 N.Y.S.2d 548 (App. Div. 1st Dep't 2002). The court, in a decision dated June 4, 2002, found:

> The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of identification and credibility, including the victim's use of intoxicants and the minor inconsistences in his testimony, were properly considered by the jury and there is no basis upon which to disturb its determinations. The evidence supports the conclusion that there was no impairment of the victim's ability to provide a detailed description of his assailant and make a reliable identification.

Id.

By letter application, dated June 6, 2002, petitioner, by appellate counsel, sought leave to appeal to the New York Court of Appeals. He stated:

> This letter is submitted pursuant to Criminal Procedure Law § 460.20 requesting a certificate permitting a further appeal to this Court.
> On June 4, 2002, the Appellate Division, First Department affirmed appellant's conviction for criminal possession of a weapon in the second degree and sentence of four to eight years in prison. That decision, a copy of appellant's brief and prosecution's response are enclosed.

The New York Court of Appeals denied petitioner's application for leave to appeal on July 18, 2002. See People v. Santiago, 98 N.Y.2d 701, 747 N.Y.S.2d 420 (2002). Thereafter, Santiago filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

### III. DISCUSSION

Santiago contends that the evidence adduced at trial was insufficient to support his conviction for criminal possession of a weapon in the second degree. According to Santiago, his conviction rested on the testimony of Moran. However, Santiago argues, Moran's use of cocaine, marijuana, and alcohol at the time of the shooting rendered his testimony "patently unreliable." Consequently, the evidence at trial failed to prove his guilt beyond a reasonable

3

doubt.

Respondent maintains that this claim is unexhausted but should be deemed exhausted and procedurally barred because Santiago failed to raise his sufficiency of the evidence claim with sufficient specificity in his application seeking leave to appeal to the New York Court of Appeals.

*Exhaustion of State Remedies*

Before a federal court may entertain a habeas corpus petition on behalf of a state prisoner, the petitioner must first exhaust his or her available state remedies. See 28 U.S.C. § 2254(b) and (c); Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997); Dorsey v. Kelley, 112 F.3d 50, 52 (2d Cir. 1997); Daye v. Att'y Gen. of N.Y., 696 F.2d 186, 190 (2d Cir. 1982) (en banc). This requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546, 2254 (1991).

To satisfy the exhaustion requirement, the petitioner must "fairly present" his or her federal claim to the highest state court from which a decision can be rendered. Daye, 696 F.2d at 190-91 n.3. The Second Circuit has held that attaching an appellate brief to a letter application for leave to appeal constitutes fair presentation for purposes of the exhaustion requirement where the "leave application reasonably could be construed only as a request for further appellate review of all issues in the attached briefs" and "[n]othing in the certificate denying leave to appeal suggests that [petitioner's] application was denied for lack of specificity or any other procedural reason." Galdamez v. Keane, 394 F.3d 68, 76-77 (2d Cir. 2005); cf. Jordan v. Lefevre, 206 F.3d 196, 198-199 (2d Cir. 2000); Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991).

4

Petitioner raised his claim in the highest court in the state in such a way as to implicate a federal constitutional issue. Santiago attached his Appellate Division brief to a preliminary leave application requesting "further appeal" to the New York Court of Appeals. Thus, petitioner's brief "fairly presented" the constitutional issue implicated by this claim to the state's highest court; moreover, nothing in the New York Court of Appeals' certificate denying leave to appeal indicated that the application was denied for a procedural reason. Accordingly, petitioner's claim is exhausted.

*Sufficiency of the Trial Evidence*

Where a state court has adjudicated the merits of a claim raised in a federal habeas corpus petition, 28 U.S.C. § 2254 informs that a writ of habeas corpus may issue only if the state court's adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. See 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000); Francis S. v. Stone, 221 F. 3d 100 (2d Cir. 2000). In addition, when considering an application for a writ of habeas corpus by a state prisoner, a federal court must be mindful that any determination of a factual issue made by a state court is to be presumed correct and the habeas corpus applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

In Jackson v. Virginia, the Supreme Court established the standard that must be met by a habeas corpus petitioner challenging the lawfulness of his or her incarceration based upon a claim of insufficient evidence: a petitioner is entitled to relief only if a court finds upon the

5

record evidence adduced at trial that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-2792 (1979). A habeas corpus court reviewing such a claim must consider the evidence in the light most favorable to the prosecution and make all inferences in its favor. See id. at 319, 2789.

The Appellate Division, which adjudicated this claim on the merits, concluded that there was no basis upon which to disturb the jury's determinations concerning the credibility of Moran's testimony, and that the verdict was based on legally sufficient evidence. See Santiago, 295 A.D.2d at 119, 742 N.Y.S.2d at 548. Since this claim was adjudicated on the merits, it is incumbent upon Santiago to establish that the decision reached by the Appellate Division was either contrary to or an unreasonable application of federal law as enunciated by the Supreme Court in Jackson, or grounded in an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Santiago has done neither. Furthermore, petitioner has not presented clear and convincing evidence to this Court that rebuts the presumption of correctness accorded the jury's findings of facts as adopted by the Appellate Division. Since Santiago has not met the burden placed upon him by 28 U.S.C. § 2254(d), he is not entitled to habeas corpus relief based on this claim.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that petitioner's application for a writ of habeas corpus be denied**.**

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also

Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard M. Berman, Room 201, 40 Centre Street, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Berman. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
      August 16, 2006

Respectfully submitted,

*/s/ Kevin Nathaniel Fox/*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Felix Santiago  
02-A-4873

Karen Swiger  
Assistant District Attorney  
Bronx County